# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DANIEL J. SCOTT,<br><br>    Plaintiff,<br><br>vs.<br><br>IOWA STATE GOVERNOR CULVER, UNIVERISTY OF IOWA HOSPITAL, K. KEN CANNON, STATE OF IOWA, SALLY TITUS, DR. JASON SMITH, BRAD WITTROCK, JAN JOHNSON, MARY BENSON, MELISSA COPE, JENNIFER MECKLEM, BRYON KELLY, LARRY CHAMBERS, CINDY OLSON, HEATHER JOHNSON, BRENT KOEDAM and RON SPEARS,<br><br>    Defendants. | No. 08-CV-04018-LRR<br><br>**ORDER** |

_____

The matter before the court is Plaintiff's "Order to [sic] Cause for a [sic] Injunction, a Temporary Restraining Order" ("Motion") (docket no. 5).

The court construes the Motion as a motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) and a motion for temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b).[1] Both preliminary injunctions and temporary restraining orders are governed by the standards set forth in *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (indicating *Dataphase* applies to temporary restraining orders); *Sports Design and Dev., Inc. v.*

---

[1] The court assumes without deciding that Plaintiff has complied with the procedural requirements in Federal Rule of Civil Procedure 65 and Local Rule 65.

*Schonenboom*, 871 F. Supp. 1158, 1162-63 (N.D. Iowa 1995) (stating courts apply *Dataphase* factors in determining motions for preliminary injunctions).

To determine whether a preliminary injunction or temporary restraining order is warranted, the court considers the following four *Dataphase* factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc.*, 640 F.2d at 113. The Eighth Circuit Court of Appeals "has determined that no single *Dataphase* factor is dispositive; all factors must be considered and balanced" in ruling whether the court should grant the relief requested. *Doe v. Miller*, 216 F.R.D. 462, 468 (S.D. Iowa 2003) (Pratt, J.) (citing *Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Schimmel*, 128 F.3d 689, 691 (8th Cir. 1997)). The burden of establishing the propriety of a preliminary injunction and temporary restraining order is on the moving party. *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003); *Miller*, 216 F.R.D. at 468. "Although none of the *Dataphase* factors are individually dispositive, the Eighth Circuit [Court of Appeals] has noted [. . .] 'the failure to demonstrate the threat of irreparable harm is, by itself, a sufficient ground upon which to deny'" relief sought pursuant to Rule 65. *Miller*, 216 F.R.D. at 468 (quoting *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1183 (8th Cir. 1998)).

The basis upon which Plaintiff bases the Motion can be stated in its entirety as follows:

> Until the lawsuit at the present, is settled by the courts, [PSS Ron Spears, PSS Heather Johnson and PSS Cindy Olson] are threats to the plaintiff in said case, and the plaintiff feels that he should not be allowed to have interactions, as being escorted, or left in the care of, being one on one with the plaintiff.
> Note: These defendants have all done things, to antagonize the plaintiff in said case and does continue consistently to go out

> of their way to get close to the plaintiff, willingly knowing, that this will upset the plaintiff.
>
> For the plaintiff feels that due to their untruthfulness in the above case, if left alone with the plaintiff, the defendants could, and will create more lies, to deliberately get back at the plaintiff for filing the said suit in this case. These lies will and could result in disciplinary actions by the said institution.
>
> And for these reasons the plaintiff asked the court to issue a restraining order that does not allow the defendants to be left alone with the plaintiff. At lease until the said case is settled.

Motion at 2 (grammatical errors and formatting in original).

As an initial matter, the court recognizes Plaintiff has failed to show a threat of irreparable harm. Plaintiff did not set forth the nature of the "disciplinary actions" he might face as a result of certain Defendants' conduct. Without some discussion or evidence setting forth the nature of these "disciplinary actions," the court cannot determine whether Plaintiff may be harmed, much less irreparably harmed, by them. Absent this evidence, the court may deny the Motion. *Miller*, 216 F.R.D. at 468. Additionally, the court notes Plaintiff does not seek to enjoin certain Defendants from "creating lies"—only from being alone with him. These Defendants could "create lies" whether or not they were left alone in Plaintiff's presence. Therefore, even if the court granted Plaintiff the relief he seeks, the relief would not necessarily alleviate him from the "disciplinary actions" he seeks to avoid.

Additionally, after review of Plaintiff's complaint, the court concludes Plaintiff's likelihood of success on the merits, the fourth *Dataphase* factor, is, at best, unclear. *Dataphase*, 460 F.2d at 113. Finally, Plaintiff does not set forth any evidence or argument pertaining to the second and fourth *Dataphase* factors, the balance of harm against injury to other litigants and public interest. *Id*. Because Plaintiff failed to satisfy his burden on all the *Dataphase* factors, the court shall deny the Motion.

For the foregoing reasons, the Motion (docket no. 5) is **DENIED**. The court reserves ruling on Plaintiff's Application to Proceed *in Forma Pauperis* in Civil Rights Action (docket no. 1) and Plaintiff's Application for Appointment of Attorney (docket no. 2). Further, the court deems it appropriate to complete its initial review of Plaintiff's complaint at a later date.

**IT IS SO ORDERED.**

**DATED** this 30th day of April, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA